Maectts G. Christ, J.
This is an action for money damages by a tenant against the landlord. It is based upon the alleged misrepresentations by the landlord as to the use to which the real property leased might be put. The first cause of action is based upon fraud, the second upon a warranty in the lease and the third is for conversion of the cash deposit made pursuant to the terms of the lease.
The defendant Conrad was the owner of a vacant tract of land situated on the southwest corner of Hempstead Turnpike and Garden City Boulevard in West Hempstead, Town of Hempstead, Nassau County, New York. In May of 1952 he received a building permit to erect a one-story store and office building to be used for the sale of automobiles. This building was completed in October of 1952 but the certificate of occupancy was withheld by the town until January 9, 1953. The withholding arose out of the town’s consideration of the use of the premises. The certificate of occupancy when issued recited that the premises could be used as a store and office for *661 the sale of automobiles. However, within the month and on January 27, 1953 a suit was instituted by the town and a summons served on the defendant charging that he was storing, displaying and offering for sale used cars on the property but outside the building in violation of an ordinance of the town. This suit never came to trial. It was settled and withdrawn by the complainant after litigation with others involving the same questions was also determined. Conrad both before and after the issuance of the certificate of occupancy continued the use of his premises in the manner to which objection had been made, namely, for the sale of used cars both inside and outside the building. In the latter part of January, shortly after a summons had been served upon Conrad and while the action was pending, the plaintiff Feinsilver entered the picture. He came seeking to engage in the business of selling used cars, and to lease defendant’s property. The plaintiff and defendant met at the property and there was a full opportunity to observe the manner in which the business was conducted. An agreement was arrived at and a binder was signed by the parties dated February 6, 1953. It contained the words “ property to be used as a used car lot.” On March 2, 1953, the parties met to consummate the lease. There was considerable discussion and negotiation revolving about the plaintiff’s endeavor to have inserted in the lease a specific representation that the property could be used as a used car lot. However, these words were never included. The defendant refused to make the representation in these terms and the lease does not contain such words. There are, however, material representations as to the use of the property.
The following are excerpts from the lease:
“ Witxesseth : The landlord hereby leases to the tenant the following premises: Premises known as 395 Hempstead Turnpike, West Hempstead, Township of Hempstead, Nassau County, New York, including one-story store and office for the sale of automobiles and surrounding property now operated by the landlord as a store and office for the sale of automobiles ; * * *
“ 27th. The landlord represents and warrants that a certificate of occupancy has been issued to him on the premises permitting them to be used for the purposes herein leased. * * *
1 ‘ 44th. The landlord represents and warrants to the tenant that the tenant may use the premises herein demised for the same purposes as the landlord has used them since January 9, 1953. The landlord agrees that should such use of the premises be contested by the local authorities he will, at his own cost and *662 expense, defend and prosecute the use of the premises for that purpose. By prosecuting it is meant that the landlord will take all affirmative steps to permit the tenant to carry on all the business contemplated by this lease.
‘ ‘ 45th. The tenant agrees, however, that should said use be put into litigation as a result of an overt act by the tenant contrary to the way that the landlord has operated said premises up to this time, the tenant will defend such prosecution at his own cost and expense. Should the decision be adverse then and in that event the landlord shall not be liable to the tenant for any damages.
‘ ‘ 46th. In the event the tenant shall be restricted from using the premises for the purposes herein leased, then and in that event the tenant shall have the right to cancel this lease on thirty (30) days advance written notice.”
It is admitted by the defendant that used cars were displayed for sale by him both before and at the time of the execution of the lease and they were displayed on the premises both inside and outside the building.
The court finds as a fact that defendant Conrad said to the plaintiff Feinsilver that he had not been bothered by the authorities for violating the ordinances. This was not true for he had been served with a summons for violation and the action was pending while the lease was being negotiated. The two came so closely together that at the time it was fresh in his mind but he failed to disclose this important fact. The suit was later withdrawn against Conrad but it was false representation of a material fact.
In the lease there is a further provision for the landlord to acquire a parcel adjoining the subject property and if such parcel be acquired it was to be included under the lease pursuant to paragraph 37. There are provisions for certain increases in rent in the event of such acquisition. The parcel was acquired and the tenant Feinsilver was given possession.
It is the landlord’s contention that down to this point the tenant had had free use of the original piece and without molestation was selling cars both from within and without the building. However, when the tenant took over the new parcel he erected a large sign and began devoting this property to the used car business. The landlord states that he advised the tenant there was no certificate of occupancy for the use of this additional parcel in the manner to which it was being put by the tenant but the tenant proceeded in disregard of this advice and it was then that he was served with a summons. *663 The case was submitted against him upon an agreed statement of facts and on July 27, 1953 Feinsilver, the tenant, was convicted of violating the ordinances of the town in that he was selling used cars from an open lot. The conviction was appealed to the County Court of Nassau County and was affirmed. The defendant through his attorney and in fulfillment of the provisions of the lease represented the plaintiff in the criminal proceeding and he sought leave to appeal the conviction further but the plaintiff refused co-operation in this.
During the pendency of this criminal proceeding before the District Court, the landlord added to the tenant’s woes by bringing a civil summary proceeding against him. This suit, also in the District Court, was before another Judge. The court held that the agreement in the lease had been to use the property for an unlawful purpose and that the lease therefore was void. This proceeding was dismissed and the dismissal was later affirmed in the Appellate Term of the Supreme Court. The last rent was paid on June 1, 1953 and the premises were vacated by the plaintiff on September 8, 1953 and the keys were given by the tenant’s lawyer to the landlord, Conrad.
The concealment by the landlord of the fact that he was being-prosecuted for a violation of the ordinances of the town involving the very use for the property for which he knew the plaintiff sought the land, went to the heart of this lease. The plaintiff was entitled to know this fact and it was concealed from him at a time when he was making new commitments involving large sums of money based upon the use of this property for the sale of second-hand cars. It is not an answer for the landlord to say that this lease was for an illegal purpose and therefore the tenant is not permitted to recover. The illegality, if there were any, was concealed from the tenant by the landlord failing to disclose the very fact of the possible action against him by the town. The landlord may not be permitted to escape from his responsibilities to the tenant by a defense which springs from his own dereliction. The illegality was unknown to the tenant and the landlord did everything he could to induce the tenant to believe that it was legal to sell automobiles both inside and outside on the property. He further kept from the tenant facts which might have put him on notice.
The proceedings below involving different questions are not res judicata in this action.
The defendant by the express language of the lease warranted that the plaintiff might use the premises for the same purpose as the landlord had used them since January 9, 1953. *664 There is no dispute that they had been used both within the building and outside on the land for the sale of used cars before and at the very time the warranty was made. Also at the time of the warranty the right to sell outside the building was under attack. The plaintiff was convicted of selling the cars outside the building. The warranty which he had relied upon comes into play when he is barred as he is by the decisions of the court from carrying on this sale of used cars outside the building. It is seriously to his damage.
Upon the first and second causes of action the plaintiff has been damaged in the sum of $10,000.
Pursuant to paragraphs 15 and 31 of the lease the tenant was obliged to deposit with the landlord $2,500 in cash as security. By paragraph 31 specifically it is provided that the landlord shall purchase a United States Series Gf coupon bond with the security money. The bond was to be purchased in the name of the landlord and the interest to be credited on the next month’s rent. This the landlord never did but put the security money to his own use. This was a conversion of the funds and the tenant is entitled to judgment in the sum of $2,500 for the return of this deposit. The lease was dated March 2, 1953. The landlord if given until April 1, 1953 as a reasonable time to make the purchase of the bonds should pay interest from that date on this deposit.
This constitutes the decision of the court in accordance with section 440 of the Civil Practice Act.
Judgment for the plaintiff in the sum of $12,500 with interest on $2,500 thereof from April 1, 1953, together with the costs and disbursements of this action.